FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 10 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RICHARD FERRARO,

                Plaintiff,

-against-

SEALIFT, INC.,

                Defendant.
----------------------------------------------------------------X

**ORDER**
17-CV-5022 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Richard Ferraro commenced this action against defendant Sealift, Inc. for wrongful termination and failure to accommodate under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117.[1] (ECF No. 1.)[2] On November 13, 2017, defendant moved to dismiss the complaint as time-barred and for failure to state a claim. (ECF No. 14.) The Court referred the motion to Magistrate Judge Lindsay for a report and recommendation on April 25, 2018. (ECF No. 17.)

On July 25, 2018, Magistrate Judge Lindsay issued a Report and Recommendation ("R&R") recommending that the Court grant defendant's motion to dismiss, and grant plaintiff leave to amend. (ECF No. 18.) With respect to timeliness, Magistrate Judge Lindsay concluded that the ADA's requirement that a plaintiff must file a federal complaint within 90 days of receiving a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") was not a ground for dismissal of the complaint. (R&R at 5-6.) As to whether plaintiff had stated a claim for relief, Magistrate Judge Lindsay concluded that the complaint failed to allege any

---

[1] Sealift, Inc. employees John Raggio, David Ramphal, and Lili Hughes were also originally named as individual defendants. By Order dated September 8, 2017, the Court dismissed the claims against them because the ADA does not provide for individual liability. (ECF No. 8.)

[2] Plaintiff submitted a corrected complaint on August 31, 2017 (ECF No. 6), before service was effected on defendant. The Court treats the corrected complaint as the operative complaint in this matter.

potential accommodation that would have permitted plaintiff to continue to work, as required to state a failure to accommodate claim. (R&R at 7.) However, because plaintiff's opposition to defendant's motion to dismiss indicated that he sought and was denied an accommodation, Magistrate Judge Lindsay recommended that the Court grant plaintiff leave to amend the complaint to include the allegations set forth in his opposition. (*Id.*) Magistrate Judge Lindsay further recommended that plaintiff be instructed to also include allegations regarding his ability to perform the essential functions of his job and the connection between his disability and termination from employment. (R&R 7-8.) For the reasons explained below, the Court adopts the R&R and provides some additional analysis.

## I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. Objections to the R&R

Plaintiff filed a submission in response to the R&R on August 6, 2018. (ECF No. 20.) Rather than assert specific objections to Magistrate Judge Lindsay's recommendations, plaintiff's submission further details the alleged discrimination and failure to accommodate.

Defendant submitted objections to the R&R on August 8, 2018. (ECF No. 21.) As explained below, defendant objects to Magistrate Judge Lindsay's (1) recommendation that the complaint should not be dismissed for failure to file the complaint within 90 days of receiving a Right to Sue letter; (2) failure to recommend dismissal of any claims that were not raised with the EEOC within 300 days of their occurrence; (3) failure to recommend dismissal of plaintiff's failure to accommodate claim based on the fact that plaintiff did not raise that claim with the EEOC; and (4) conclusion that plaintiff should be granted leave to amend the complaint.

## III. Analysis

Having reviewed the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the R&R, and provides some additional analysis.

### A. 90 Day Requirement

As noted above, Magistrate Judge Lindsay concluded that the ADA's requirement that a plaintiff must file a federal complaint within 90 days of receiving a Right to Sue letter from the EEOC was not a ground for dismissing plaintiff's complaint. (R&R at 5-6.) In reaching this conclusion, Magistrate Judge Lindsay correctly noted that "courts typically presume that the EEOC mailed the right-to-sue letter on the date reflected on the letter and that the claimant received

3

the letter three days after its mailing." (R&R at 6.) Magistrate Judge Lindsay found that plaintiff had overcome that presumption by stating the following in his sworn opposition to defendant's motion to dismiss: "Since the notice was dated May 22, 2017 it was not received until May 27, 2017. There is a difference between 90 days from **DATE** of notice as opposed to 90 days from **RECEIPT** of notice." (ECF No. 15 at 1.) In its objections to the R&R, defendant contends that plaintiff's statement is "not a definitive assertion by plaintiff that he received the Right to Sue letter on May 27, 2017" and, therefore, "plaintiff failed to rebut the presumption that a document is received three days after its mailing." (ECF No. 21 at 2.) The Court disagrees.

As repeatedly stated by the Second Circuit, a plaintiff need only present "sworn testimony . . . from which it could *reasonably be inferred* . . . that [a Right to Sue letter] took longer than three days to reach her by mail" in order to overcome the presumption. *E.g.*, *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (emphasis added); *see also Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906 (2d Cir. 1998) ("[U]nder appropriate circumstances, this presumption may be rebutted by admissible evidence, such as an affidavit by the claimant stating the actual date of receipt (or lack thereof)."). District courts in the Second Circuit routinely conclude that even a conclusory sworn statement from a plaintiff stating that a Right to Sue letter arrived more than three days after it was dated, or never arrived at all, is sufficient to rebut the presumption. *E.g.*, *Tsanganea v. City Univ. of New York*, No. 06 CIV.15366 DAB JCF, 2008 WL 4054426, at *6 (S.D.N.Y. Aug. 28, 2008), *adopted by* 2008 WL 4548857 (S.D.N.Y. Oct. 8, 2008) (collecting cases).

Here, it can be reasonably inferred from plaintiff's sworn opposition that he received the Right to Sue letter more than three days after it was dated. Although the statement could be more "definitive," as defendant asserts, defendant does not cite any cases (and the Court is aware of

4

none) requiring anything more than a sworn statement from which it can be *reasonably inferred* that a plaintiff received the Right to Sue letter on a later date, and the Court does not believe more is required at this stage. Given plaintiff's *pro se* status, and the corresponding mandate to liberally construe his submissions, the Court finds plaintiff's statement is sufficient at this stage in the proceeding. Because plaintiff filed the complaint on August 24, 2017, within 90 days of May 27, 2017, the Court concludes that the claims survive the motion to dismiss on this ground.[3]

## B. 300 Day Requirement

Defendant also objects to Magistrate Judge Lindsay's failure to recommend that those claims not raised with the EEOC within 300 days of their occurrence should be dismissed. "[A] plaintiff raising a failure to accommodate claim must file a charge with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'" *Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 301 (S.D.N.Y. 2016) (quoting 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a)). Generally, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Stuevecke v. New York Hosp. Med. Ctr. of Queens*, No. 01-CV-326 (FB)(RLM), 2003 WL 22019073, at *3 (E.D.N.Y. Aug. 26, 2003) (quoting *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Defendant argued for the first time in its reply in further support of its motion to dismiss that those claims not raised with the EEOC within 300 days of their occurrence should be dismissed. The R&R did not explicitly address this argument, and defendant now objects to Magistrate Judge Lindsay's failure to recommend dismissal of any claims that were not raised with the EEOC within 300 days of their occurrence.

As an initial matter, the Court notes that this argument should not have been raised for the first time in defendant's reply brief. *E.g.*, *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003)

---

[3] Defendant can obviously raise this issue again after discovery is complete (including deposing plaintiff on the date the Right to Sue letter was received).

(citing *United States v. Greer*, 285 F.3d 158, 170 n.3 (2d Cir. 2002); and *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999)). Moreover, because defendant first raised the argument in its reply brief, and because the R&R is silent as to this issue, plaintiff has not been given any opportunity to respond. This Court cannot conclusively determine from the current allegations whether any of the alleged failures to accommodate occurred within 300 days of plaintiff filing his EEOC charge. Accordingly, plaintiff is instructed to include specific allegations regarding the timing of the alleged failures to accommodate in any amended complaint. Defendant may raise this issue again in response to any amended complaint.

## C. Exhaustion

Defendant also objects to Magistrate Judge Lindsay's failure to recommend dismissal of plaintiff's failure to accommodate claim based on the fact that plaintiff did not raise that claim with the EEOC. Again, defendant raised this argument for the first time in its reply brief in further support of its motion to dismiss, which is procedurally impermissible. *E.g., Yousef*, 327 F.3d at 115. In any event, the Court has reviewed it and concludes that the argument is meritless.

Generally, to bring a discrimination claim in federal district court, a plaintiff must first exhaust her administrative remedies by "filing a timely charge with the EEOC or with 'a State or local agency with authority to grant or seek relief from such practice.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82-83 (2d Cir. 2001) (quoting 42 U.S.C. § 2000e–5(e)). However, "'claims that were not asserted before the EEOC [or an appropriate State or local agency] may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency.'" *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 177 (2d Cir. 2005) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam)). "Reasonably related conduct is that 'which would fall within the scope of the EEOC investigation

which can reasonably be expected to grow out of the charge that was made.'" *Id.* (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 358 (2d Cir. 2001)); *see also Mathirampuzha v. Potter*, 548 F.3d 70, 77 (2d Cir. 2008) (stating claim is reasonably related where "administrative complaint can be fairly read to encompass the claims ultimately pleaded in a civil action or to have placed the employer on notice that such claims might be raised"). In determining whether a claim is "reasonably related" to the EEOC charge, "the focus should be on the factual allegations made in the [EEOC] charge itself" and on whether those allegations "gave the [EEOC] 'adequate notice to investigate'" the claims asserted in court. *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (quoting *Deravin v. Kerik*, 335 F.3d 195, 201-02 (2d Cir. 2003)).

Here, the factual allegations made in plaintiff's EEOC charge gave defendant ample notice to investigate the claims he asserts now. In fact, where the form federal complaint asks for the factual allegations supporting plaintiff's claims, he simply incorporates the attached EEOC charge. (ECF No. 6 at 6.) Accordingly, and contrary to defendant's assertions, plaintiff's claims do not raise a new theory based on newly presented factual allegations. To the extent defendant argues that the claim should be dismissed because plaintiff did not assert a failure to accommodate cause of action in his EEOC charge, that argument is also without merit. "[W]hen a claim is simply a newly articulated cause of action that grows directly out of the factual allegations of the EEOC charge, the claim can be brought in district court." *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 204 n.13 (E.D.N.Y. 2014) (quoting *Agosta v. Suffolk Cty.*, 981 F.Supp.2d 167, 173, 2013 WL 5960752, at *5 (E.D.N.Y. Nov. 8, 2013)). Accordingly, the Court declines to dismiss the failure to accommodate claim as unexhausted.[4]

---

[4] To the extent that plaintiff's submission after the issuance of the R&R could be construed as objections, the Court agrees with the R&R's analysis (under *de novo* review) regarding the complaint's failure to allege (1) that plaintiff could perform the essential functions of the job; (2) a potential accommodation that would have permitted plaintiff to continue to work; and (3) a connection between his termination and his disability, all of which are necessary to

7

### D. Leave to Amend

Despite defendant's objection to the contrary, the Court will grant plaintiff an opportunity to amend the complaint. The Second Circuit has repeatedly "held that district courts generally should not dismiss a *pro se* complaint without granting the plaintiff at least one opportunity to amend." *DeBoe v. Du Bois*, 503 F. App'x 85, 87 (2d Cir. 2012) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, plaintiff has not had the opportunity to amend his complaint in response to the arguments raised by defendant in support of dismissal, and the analysis provided in the R&R and herein, and he may be able to address the pleading defects in his initial complaint (as indicated in his submission in response to the R&R). Thus, and particularly in light of plaintiff's *pro se* status, the Court in its discretion will grant him leave to amend the complaint.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss is granted and the complaint is dismissed with leave to amend in accordance with the R&R and this Order. Plaintiff shall submit an amended complaint within 45 days of the date of this Order. The failure to do so will result in dismissal of the case with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*Joseph Bianco*

Dated: September 10, 2018
Central Islip, New York

Joseph F. Bianco
United States District Judge

---

plausibly state his claims. However, as discussed below, plaintiff's submission attempts to provide additional information regarding the denial of an accommodation, and the Court grants leave to re-plead.